

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS

Gerald C. Mann
~~PRICE DANIEL~~
ATTORNEY GENERAL

Honorable H. M. Hooper
County Attorney
Yoakum County
Plains, Texas

Dear Sir:

Opinion No. O-3194
Re: Can a sheriff-tax assessor-
collector be allowed a flat
sum of $50.00 per month over
and above the 4¢ per mile be-
cause of the fact that he
purchases and operates his
own automobile?

Your recent request for an opinion of this depart-
ment on the above stated question has been received.

We quote from your letter as follows:

"In past years it has been customary for
the Commissioners Court of Yoakum County to
allow the Sheriff-Tax Assessor & Collector of
the County 4¢ per mile as car expense incurred
in the discharge of his duties. In addition to
that, he has been allowed a flat sum of $50.00
per month based upon the fact that he purchases
and operates his own automobile.

"The question has now arisen:

"Can a Sheriff-Tax Assessor & Collector
be allowed a flat sum of $50.00 per
month, over and above the 4¢ per mile
because of the fact that he purchases
and operates his own automobile.

"I have advised the Court that under para-
graph 4, of section (b), of Article 3899, RCS of
Tex. 1925 - Acts 1937, 45th Legislature, p. 1340,
ch. 498, Sec. 1., the 4¢ per mile is all that

he can be allowed and that therefore the extra $50.00 per month cannot be allowed.

"The Sheriff bases his claim upon Senate Concurrent Resolution No. 40, filed in the Dept. of State May 17, 1935. However, I have advised the court that said resolution is not in the nature of a law of the state, and further was passed prior to the enactment of the above cited statute, and therefore is of no force and effect."

You do not state whether the sheriff of your county is on the fee or salary system, but we have determined that since the population of Yoakum County, as reflected by the 1940 Federal Census, is 5,354 inhabitants, he is most likely on a fee basis. Assuming this to be true, his expenses of office are regulated by Section (a), Article 3899, Vernon's Annotated Civil Statutes. We call your attention to that portion of Section (a), Article 3899, reading as follows:

". . . . The Commissioners' Court of the county of the Sheriff's residence may, upon the written and sworn application of the Sheriff stating the necessity therefor, allow one or more automobiles to be used by the Sheriff in the discharge of his official duties, which, if purchased by the County, shall be bought in the manner prescribed by law for the purchase of supplies and paid for out of the General Fund of the county and they shall be and remain the property of the county. The expense of maintenance, depreciation and operation of such automobiles as may be allowed, whether purchased by the county or owned by the Sheriff or his Deputies personally, shall be paid for by the Sheriff and the amount thereof shall be reported by the Sheriff, on the report above mentioned, in the same manner as herein provided for other expenses."

It will be noted from the above quoted language, that the expense of maintenance, depreciation and operation of such automobiles allowed by the sheriff whether owned by him personally, his deputies personally, or the county shall be paid for by the sheriff and reported by the sheriff on the report required by said statute.

We fail to find any limitation in Article 3899, supra, or elsewhere in the statutes as to the amount that can be claimed by the sheriff for maintenance, depreciation and operation of automobiles. Such article merely requires that:

"... Such expense account shall be subject to the audit of the County Auditor, if any, otherwise by the Commissioners' Court; and if it appears that any item of such expenses was not incurred by such officer or such item was not a necessary expense of office, such item shall be by such Auditor or court rejected, in which case the collections of such item may be adjudicated in any court of competent jurisdiction. ..."

Section (b) of Article 3899, supra, which provides that where the automobile or automobiles are owned by the sheriff or his deputies, they shall be allowed four cents for each mile traveled in the discharge of official business, which sum shall cover all expenses of maintenance, depreciation and operation of such automobiles, applies only to the sheriffs who receive salaries as compensation for their services and does not apply to sheriffs who are compensated on a fee basis. As above stated, Section (a) of Article 3899, provides for the actual and necessary traveling expenses of sheriffs who are compensated on a fee basis and further provides that such expenses shall be paid out of the fees earned by such officer.

We agree with your statement that Senate Concurrent Resolution No. 40, filed May 17, 1935, is of no force and effect. This department has repeatedly so held since the enactment of the above mentioned statutes.

It is, therefore, the opinion of this department that there is no limitation upon the amount that a sheriff who is compensated on a fee basis can claim as expense of office for maintenance, depreciation and operation of an automobile owned by him used in the execution of the duties of his office except that they be a "necessary expense of office". In no event is the county liable for any such expenses as may be incurred by the sheriff under Article 3899, or any other article. Said officer has no claim against the county for such expenses. However, the sheriff is required to make his annual report as required by Article 3897; he may claim such expenses, if timely reported,

by him, as provided for by Article 3899, Section (a), for the purpose of determining the amount of excess fees, if any, he may be due the county under Article 3891.

It must be remembered that Article 3899, Section (a), applicable to counties whose officers are compensated on a fee basis, provides:

"The amount of such expenses, together with the amount of salaries paid to assistants, deputies and clerks shall be paid out of the fees earned by such officer."

We call your attention to the above provision of the statute for the reason, we infer from your request that you may be under the impression that the county is, if its county officers are compensated on a fee basis, authorized to pay the sheriff out of the general fund of the county four cents per mile for each mile he may actually travel in the performance of his official duties. This it cannot legally do.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

/s/ Ardell Williams

By

Ardell Williams
Assistant

AW:GO:bh

APPROVED MAR 28, 1941

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED

OPINION COMMITTEE

BY BWB
CHAIRMAN